UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARDEEP SINGH,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>TIMOTHY S. ROBBINS, Los Angeles Field Office Director, United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement; Warden of Mesa Verde Detention Center,<br><br>　　　　　Respondents.[1] | No. 1:26-cv-00483-KES-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>Docs. 1, 6, 7 |

Petitioner Hardeep Singh is an immigration detainee proceeding with a petition for writ of habeas corpus. Doc. 1. This matter was referred to a United States magistrate judge pursuant to

---

[1] When a habeas petitioner challenges his present physical confinement, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). Petitioner is currently detained at Mesa Verde Detention Facility. *See* Doc. 1 at ¶ 15. The Court "may join Petitioner's custodian on its own initiative pursuant to Federal Rule of Civil Procedure 19(a)." *Jones v. Schwarzennegger*, No. C07-4323 JSW (PR), 2008 WL 94771, at *1 n.1 (N.D. Cal. Jan. 8, 2008); *see also Silveyra v. Moschorak*, 989 F.2d 1012, 1015 (9th Cir. 1993) ("[D]ismissal is not the appropriate remedy where the party is subject to the jurisdiction of the district court. Instead, district courts may order the joinder of such parties pursuant to Fed. R. Civ. P. 19(a)."). The Court therefore joins the Warden of the Mesa Verde Detention Center as a respondent in this action.

28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 29, 2026, the assigned magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be granted, that respondents be ordered to release petitioner immediately, and that respondents be enjoined and restrained from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. Doc. 6 at 2. The findings and recommendations were served on the parties and contained notice that any objections to the findings and recommendations were to be filed within ten (10) days of service. *Id.* at 11. No objections have been filed, and the deadline to do so has passed. On February 9, 2026, petitioner filed a motion for temporary restraining order, raising the same arguments and requesting the same relief as in the underlying petition. *See* Doc. 7.

In accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case. Having carefully reviewed the file, the Court concludes that the findings and recommendations are supported by the record and proper analysis. Given that the Court will adopt the findings and recommendations and grant the petition for writ of habeas corpus, petitioner's motion for temporary restraining order is denied as moot.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly,

1. The findings and recommendations issued on January 29, 2026, Doc. 6, are adopted in full;
2. The petition for writ of habeas corpus is GRANTED;
3. Respondents are ORDERED to release petitioner immediately;
4. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified;
5. The motion for temporary restraining order, Doc. 7, is DENIED AS MOOT; and
6. The Clerk of Court is directed to enter judgment for petitioner and close the case.

IT IS SO ORDERED.

Dated:   February 9, 2026

UNITED STATES DISTRICT JUDGE

3